{¶ 57} Because I do not believe that the record contains clear and convincing evidence to show that the children cannot or should not be returned to their mother within a reasonable time, I respectfully dissent.
 {¶ 58} By the final date of the permanent custody hearing, the mother, by the RCJFS caseworker's own admission, had obtained suitable housing. The mother moved into this residence in October of 2004 and made it habitable by February or March of 2005. The mother's lack of appropriate housing for her children was the sole reason the children were removed from her care. Because she now has suitable housing and has maintained this housing for approximately six months before the date of the final permanent custody hearing, I do not believe that the evidence supports the court's finding that the mother repeatedly and continuously failed to remedy the conditions that led to the children's removal.
 {¶ 59} Furthermore, RCJFS caseworker Teresa Babb stated that the mother completed the case plan, which addressed the concerns that led to the children's removal. The mother participated in family counseling and she completed all but two hours of the twelve hour parenting course. RCJFS presented no clear and convincing evidence that the mother exhibits behavior that renders her incapable of caring for the children.
 {¶ 60} In sum, I do not believe that RCJFS presented clear and convincing evidence to warrant a grant of permanent custody. Thus, I dissent.